UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:24-CR-281 |
| | : | |
| v. | : | (JUDGE SAPORITO) |
| | : | |
| CHRISTOPHER J. CORDES, | : | |
| | : | |
| Defendant. | : | (Electronically Filed) |

STIPULATION OF CONSENT TO FORFEITURE

COMES NOW the United States of America, by and through its counsel,

Brian D. Miller, United States Attorney for the Middle District of Pennsylvania,

and Ryann D. Loftus, Assistant United States Attorney, and Christopher J. Cordes,

individually and by and through defense counsel, Elena Fast, Esquire, who hereby

agrees, consents, and stipulates to knowingly and voluntarily forfeit defendant's

interest in the following asset:

        a.      Stright Talk TCL Flip Phone, Black, 8 GB.

Defendant Christopher J. Cordes further stipulates and agrees:

1.     that the above-described asset represents:

    a.      Any visual depiction described in Title 18, United States Code,

sections 2251, 2251A, or 2252, or any book, magazine, periodical,

film, videotape, or other matter which contains any such visual

depiction, which was produced, transported, mailed, shipped or

received in violation of Title 18, United States Code, Chapter 110;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses,

18 U.S.C. § 2422(b), Count 1, 18 U.S.C. § 2252(a)(2), Count 2, 18 U.S.C. 2252(a)(4)(B), Count 3, 18 U.S.C. § 2251(a), Count 5, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 2428 and 18 U.S.C. § 2253;

2.      to concurrence in any motion necessary to be filed and to sign any and all documents necessary to effectuate the forfeiture of the aforementioned property;

3.      to waive the service of any papers and pleadings upon defendant and consent to Elena Fast, located at 521 Fifth Avenue, 17 Floor, New York, NY 10175, as agent for the defendant for the acceptance of any further pleadings or papers to be served thereupon;

4.      to waive all constitutional legal and equitable claims arising out of and/or defenses to the forfeiture of this property in any proceeding, including any ownership claims and any claim or defense under the Eighth Amendment, including any claim of excessive fine;

2

5.      to waive any double jeopardy challenges the defendant may have to any administrative, criminal, or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeiture;

6.      to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendant is hereby withdrawn. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment;

7.      to not contest or assist anyone else in contesting the forfeiture on any other ground;

8.      to not petition or assist anyone else in petitioning for the remission or mitigation of the forfeiture;

9.      that if any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

10.    that if the United States discovers that the defendant has not fully disclosed all assets, the United States may seek a money judgment, forfeiture of substitute assets, and/or subsequently discovered assets, and the defendant agrees to the immediate forfeiture of any such assets; and

11.    to unconditionally release and hold harmless the United States, its officers, employees and agents from any and all claims, demands, damages, cause of actions or suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure of the above-described property.

SIGNED AND AGREED:
BRIAN D. MILLER
United States Attorney

March 30, 2026      By:   _____
RYANN D. LOFTUS
Assistant U.S. Attorney

March 24th, 2026      _____
CHRISTOPHER J. CORDES
Defendant

March 27, 2026      /s/ Elena Fast
ELENA FAST, ESQ.
Attorney for Defendant

March 24, 2026      _____
FRANK NOCITO, ESQ.
Attorney for Defendant

4